NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-0205 (GEB-DEA) |
| AT&T CORPORATION, | ) **MEMORANDUM OPINION** |
| Defendant. | ) |
| AT&T CORPORATION, | ) |
| Counter-Claimant, | ) |
| v. | ) |
| U.S. SPECIALTY INSURANCE COMPANY, | ) |
| Counter-Defendant. | ) |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Plaintiff and Counter-Defendant U.S. Specialty Insurance Company ("USSIC") to dismiss Defendant and Counter-Plaintiff AT&T Corporation's ("AT&T") counterclaim and motion for judgment on the pleadings. (Doc. No. 12.) The Court has considered the parties' submissions and decided the matter without oral

argument pursuant to FED. R. CIV. P. 78.  For the reasons that follow, the Court will deny the motion.

**I.      BACKGROUND**

USSIC began this action on January 13, 2010, by filing a complaint for declaratory judgment. (Doc. No. 1.)  This action arises out of a now-settled lawsuit against AT&T and others captioned *Richard Williamson, et al. v. AT&T Corp., et al.*, Case No. CV812506 (Sup. Ct., Santa Clara, Cal.) (the "Williamson Action").  AT&T contends that the Williamson Action asserts a claim that is covered under their insurance policy issued by USSIC, and AT&T has demanded coverage under their USSIC Excess Policy for this claim.  (Compl. at ¶ 2; Doc. No. 1.)

**A.      Facts**[1]

USSIC issued Excess Indemnity Policy No. 24-MGU-02-A3071 (the "USSIC Excess Policy"), a fifth-level excess directors and officers liability insurance policy, to AT&T for the amended policy period of July 31, 2002 to November 18, 2002.  (Countercl. ¶ 8; Doc. No. 9.)  Because it is an excess policy, the USSIC policy "shall apply in conformance with the terms, conditions, limitations and endorsements of the policy immediately underlying this policy." (*Id.*)  The USSIC Excess Policy is a claims-made policy that insures against all "claims" made during the policy period, other than those specifically excluded by the USSIC Excess Policy.  (*Id.* at ¶ 9.)  The USSIC Excess Policy incorporates three relevant exclusions from an underlying policy issued by Twin City Fire Insurance Company: the Prior Acts, the Prior Notice, and the Pending and Prior Litigation Exclusions.  (USSIC Excess Policy, Ex.1, § 1, p. 4; Doc. No. 9-1.)

---

[1] The facts section of this Memorandum Opinion is taken from the pleadings and exhibits attached thereto, and are not Findings of Fact.

The Prior Acts Exclusion bars coverage for "loss in connection with any claim made against the Insured(s) . . . where all or part of such claim is, directly or indirectly, based on, attributable to, arising out of, resulting from or in any manner relating to wrongful acts committed, attempted, or allegedly committed or attempted prior to 7/09/01." (*Id.*)  The Prior Notice Exclusion bars coverage for "loss in connection with any claim made against the Insured(s) . . . where all or part of such claim is, directly or indirectly, based on, attributable to, arising out of, resulting from, or in any matter relating to wrongful acts or any facts, circumstances or situations of which notice of claim or occurrence which could give rise to a claim has been given prior to [July 31, 2002] under any other policy or policies." (*Id.*)

The Pending and Prior Litigation Exclusion bars coverage for "loss in connection with any claim made against the Insured(s):

1. arising from any litigation, claims, demands, arbitration, legal or quasi-legal proceedings, decrees or judgments against any insured occurring prior to, or pending as of, 7/09/01, of which any Insured had received notice or otherwise had knowledge as of such date;

2. arising from any subsequent litigation, claims, demands, arbitration, legal or quasi-legal proceeding, decrees or judgments against any Insured arising from, or based on substantially the same matters as alleged in the pleadings of such prior or pending litigation, claims, demands, arbitration, legal or quasi-legal proceedings, decrees or judgments against any Insured; or

3. arising from any act of an Insured which gave rise to such prior or pending litigation, claims, demands, arbitration, legal or quasi-legal proceedings, decrees or judgments against any Insured."

*Id.*

There were a series of lawsuits filed before the inception of the USSIC Excess Policy that form the basis of the present dispute.  These lawsuts include *Pittleman v. At Home Corp.*, Case

No. 17474NC (Del. Ch.) (the "Pittleman Action") and *In re At Home Corp. Stockholders Litigation*, Master File No. 413094 (Cal. Super. Ct., County of San Mateo) (the "San Mateo Action"), and *Leykin v. AT&T Corp.*, Case No. 02-cv-1765 (S.D.N.Y.) (the "Leykin Action"). All three actions alleged that AT&T and several of its directors and officers, who also held positions of authority at a company called At Home Corp. ("At Home"), governed At Home to serve AT&T's best interests.  The Pittleman action was brought by shareholders of At Home, and sought to enjoin a series of transactions in March of 2000, alleging that those transactions could affect certain checks and balances in At Home's corporate structure.  (Pittleman Complaint at ¶¶ 26, 30, 36-37; Doc. No. 12-3.)  The San Mateo action challenged the March 2000 transactions and alleged breaches of fiduciary duty arising out of those transactions.  (San Mateo Complaint at ¶¶ 36-53; Doc. No. 12-3.)  The Leykin action was a securities fraud class action brought on behalf of At Home shareholders, which alleged that the AT&T's directors and officers holding positions of authority at At Home caused At Home's financial statements to be false and misleading with respect to the value of At Home's proprietary technology.  (Leykin Complaint at ¶¶ 4-5; Doc. No. 12-5.)

**II.     DISCUSSION**

Plaintiff and Counter-Defendant USSIC filed the instant motion to dismiss AT&T's counterclaim or, in the alternative, for judgment on the pleadings, arguing that: (1) three separate exclusions in the insurance policies bar coverage for AT&T's claim, and (2) that AT&T is improperly seeking coverage for a claim deemed made before the USSIC policy period began. (Pl.'s Br. at 19, 31.)

**A.     Standard of Review**

4

"A Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6)." *Borough of Sayreville v. Union Carbide Corp.*, 923 F. Supp. 671, 676 (D.N.J. 1996) (citing *Turbe v. Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)[2]). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic

---

[2] The parties do not stipulate that New Jersey law applies to this action, and there appears to be a disagreement regarding whether to apply New York or New Jersey law. For the purposes of this motion to dismiss, however, the parties have conceded that there is no material difference between the two bodies of law, and New Jersey law shall be applied.

documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

  **B.**  **Analysis**

In its motion to dismiss, USSIC argues that the prior series of lawsuits trigger three separate exclusion provisions of the insurance contract, namely (1) the "Prior Acts exclusion," (2) the "Prior Notice exclusion," and (3) the "Prior and/or Pending Litigation exclusion." (Pl.'s Br. at 2; Doc. No. 12.) Further, USSIC argues that the Williamson Action is not properly deemed a claim "first made" during the policy period because it "clearly overlaps with lawsuits that pre-date the inception of the policy." (*Id.*)  USSIC argues that consideration of the insurance policy is proper in the context of a motion to dismiss, because interpretation of an insurance policy, like any other contract, "is a matter of law for the court to decide." (*Id.* at 18) (internal quotation omitted.)

In opposition to the motion, AT&T argues that, to defeat the present motion, it only needs to state a prima facie case for insurance coverage under USSIC's Excess Policy by pleading that the claim in the Williamson action falls within the basic terms of that policy. (Def.'s Br. at 14; Doc. No. 17.)  AT&T argues that it has fully met this standard by pleading that:

(1)  USSIC issued AT&T an excess policy indemnifying its officers for breach of fiduciary duty claims made against them (Countercl. ¶¶ 8, 9);

(2)  AT&T and certain of its officers were sued for alleged breaches of fiduciary duty in the Williamson action during the policy period (*Id.* at ¶ 16);

(3)  AT&T timely notified USSIC of the Williamson action (*Id.* at ¶ 19);

(4)  the [specific claim] in the Williamson action is a covered "claim" under the USSIC policy (*Id.* at ¶ 17);

>   (5) the underlying insurance policy limits were exhausted (*Id.* at ¶¶ 20-23);
>
>   (6) USSIC refused to indemnify AT&T for losses it sustained as a result of the Williamson action. (*Id.* at ¶ 27.)

(Def.'s Br. at 14-15; Doc. No. 17.)

In their reply, USSIC argues that the application of the terms of the policy to the allegations in the Williamson action is a question of law for the Court, and thus consideration is proper in the context of a motion to dismiss. (Pl.'s Reply Br. at 3; Doc. No. 19) (citing *Rena, Inc. v. Brien*, 310 N.J. Super. 304, 321 (App. Div. 1998). However, the Court notes that *Rena,* only stands for the proposition that "coverage is determined by the terms of the insurance contract, and interpreting the contract is a legal question for the court," a contention that neither party appears to disagree with. (*Id.*)

The Court concludes that whether the complaints in the prior litigations are sufficiently related to the complaint in the Williamson action to trigger insurance policy exclusions will involve questions of fact that are not properly resolved on a motion to dismiss. AT&T's counterclaim, when taken as true for the purposes of a motion to dismiss, states a prima facie case for insurance coverage, and thus the motion to dismiss must be denied. While construction and interpretation of the insurance policy language is properly an issue of law for the court to decide, *Rosario v. Haywood*, 351 N.J. Super. 521, 529 (App. Div. 2002), application of that language to the complex set of facts presented in this case is not proper on a motion to dismiss.

Further, whether the claim was made during the policy period is also not properly adjudicated of a motion to dismiss. This also requires application of the legal concepts of the contract to the factual issues specific to this case. Evaluation of this argument is not proper in

the context of a motion to dismiss, where the Court's inquiry is focused on whether the non-moving party has stated a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons stated herein, the motion to dismiss will be denied. An appropriate form of order is filed herewith.

Dated: August 27, 2010

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.